STATE *v.* ALICE DAY.

*Criminal · Law.    Confession.    Sheriff's   Evidence.    Practice.*

1. The sheriff and state's attorney talked with the respondent while in jail. The sheriff first testified that no inducements to confess were held out, but afterwards said "that he presumed he and the state's attorney both t ld the respondent it would be better for her to tell the whole story, and the punishment would be likely to be lighter." *Held*, that his testimony was not admissible.
2. When there is no conflicting testimony as to what the inducement was, the decision of the court below may be revised by the Supreme Court.

INFORMATION filed by the state's attorney for stealing.   Trial by jury, December Term, 1882, Ross, J., presiding.   Verdict, guilty.   Questions of evidence and practice stated in the opinion.

*Harry Blodgett* and *Henry C. Ide*, for the State.

*Elisha May* and *M. Montgomery*, for the respondent.

The opinion of the court was delivered by

VEAZEY, J.   This is an information for stealing a horse, wagon, harness and buffalo robe.   Numerous exceptions were taken on the trial, but the only one which we are all agreed must be sustained is that to the admission of the evidence tending to show a confession by the respondent.   It appears that while she was under arrest and in jail in Sherbrooke in Canada, she was visited by the sheriff and state's attorney who there had conversation with her.   The sheriff was improved as a witness by the State, and testified first that on one occasion when he visited the respondent with the state's attorney, no inducements to confess were held out to her by either of them, but afterwards said " that he presumed he and the state's attorney both told respondent it would be better for her to tell the whole story, and the punishment would be likely to be lighter."   This was not contradicted.   Objection

was, therefore, made to the witness' testifying to what she said ; but the objection was overruled, and the witness was allowed to testify to the conversation which tended to show admissions of guilt, to all which the respondent excepted. She was quite young ; in jail, away from friends, and without counsel to advise her. We think the admission of this evidence was a violation of the settled rule in this State, " that a confession must never be received in evidence when the respondent has been influenced by any threat or promise." The discussion of the question by the late Chief Justice PIERPOINT, in *State* v. *Walker*, 34 Vt. 300, is so applicable to this case it is sufficient to refer to that opinion.

Another question is made, that the judgment of the County Court that the confession was voluntary and the evidence should be admitted, is conclusive and cannot be revised by this court.

The same question was raised in *State* v. *Walker*, *supra;* and we think the true view was there expressed, to the effect, that when the testimony as to the promise, threat or inducement, is conflicting, and the court must pass upon the character and weight of the testimony upon each side, in order to determine whether the confession is voluntary or not, the decision thereon is final. But in a case like this where there is no conflict in the testimony or dispute about the facts, the decision of the County Court admitting the testimony may be revised in this court. *State* v. *Phelps*, 11 Vt. 116.

The judgment of the County Court reversed, new trial granted, and the case remanded.